# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR PUBLIC INTEGRITY | &#124; | |
| 910 17th Street, N.W., 7th Floor | &#124; | |
| Washington, DC 20006-2606, | &#124; | |
| | &#124; | |
| Plaintiff, | &#124; | |
| | &#124; | |
| v. | &#124; | Civil Action No. 17-1162 |
| | &#124; | ECF |
| FEDERAL ELECTION COMMISSION | &#124; | |
| 999 E Street, N.W. | &#124; | |
| Washington, DC 20463, | &#124; | |
| | &#124; | |
| Defendant. | &#124; | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Center for Public Integrity ("the Center"), brings this action for declaratory and injunctive relief, alleging as follows:

## Nature of Action

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records.

## Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

4.      Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by

revealing abuses of power, corruption and betrayal of public trust by powerful public and private

institutions, using the tools of investigative journalism." "About The Center for Public Integrity,"

http://www.publicintegrity.org/about. Plaintiff is the requester of the withheld records.

5.      Defendant, Federal Election Commission ("FEC"), is an agency of the United

States. Defendant has possession of and control over the records that Plaintiff seeks.

### Plaintiff's First Freedom of Information Request

6.      By email on February 1, 2017, Plaintiff requested from the FEC:

Any emails, memoranda or other correspondence or communication that discuss,
mention, reference or otherwise pertain to the Twitter account "altFEC." This
includes direct mention of the account "@altFEC", as well as other obvious
references to the @altFEC account, which should include, but not be limited to:
"alt FEC Twitter," "alt FEC account" and "fake @FEC account."

7.      On May 2, 2017, the FEC issued a determination concerning Plaintiff's request,

producing seven pages of responsive records and withholding 14 pages.

8.      On May 9, 2017, Plaintiff filed an administrative appeal with the FEC, asking for

the release of the 14 pages that had been withheld.

9.      On June 7, 2017, the FEC informed Plaintiff that it had denied Plaintiff's

administrative appeal.

10.     Plaintiff has a statutory right to the withheld records, and there is no legal basis

for Defendant's failure to make them available to Plaintiff.

### Plaintiff's Second Freedom of Information Request

11.     By email on February 6, 2017, Plaintiff submitted a records request to the FEC.

The items requested included:

A copy of all emails from the domain "EOP.gov" to senior managers and
commissioners encompassed within the required agency system for retaining
emails of senior officials. Frequently, this records management policy/system is

described by the name Capstone.

12.     On May 8, 2017, the FEC informed Plaintiff that it had located responsive documents, all of which originated with the Office of Management and Budget (OMB), and that it had "referred these documents to OMB's FOIA Office for direct response …."

13.     Neither the FEC nor OMB has produced records responsive to Plaintiff's request.

14.     More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

15.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

## **Demand for Relief**

WHEREFORE, Plaintiff requests that this Court:

1.     Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

2.     Order Defendant to make the requested records available to Plaintiff;

3.     Award Plaintiff its costs and reasonable attorneys' fees in this action; and

4.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____/S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

June 14, 2017