**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Center for Public Integrity, | &#124; |
| | &#124; |
|     Plaintiff, | &#124; |
| | &#124; |
| v. | &#124;   Civil Action No. 17-1162 (CRC) |
| | &#124;   ECF |
| Federal Election Commission, | &#124; |
| | &#124; |
|     Defendant. | &#124; |

## PLAINTIFF'S MOTION FOR *IN CAMERA* JUDICIAL REVIEW

Plaintiff, the Center for Public Integrity, moves for *in camera* judicial review of the documents at issue in this case that Defendant has withheld or redacted.

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff informed counsel for Defendant that Plaintiff intended to file this motion for *in camera* judicial review. Counsel for Defendant communicated that Defendant would defer taking a position on this issue until after it can review the motion in final form.

Respectfully submitted,

       /S/

Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Center for Public Integrity, | &#124; |
| | &#124; |
|   Plaintiff, | &#124; |
| | &#124; |
| v. | &#124; Civil Action No. 17-1162 (CRC) |
| | &#124; ECF |
| Federal Election Commission, | &#124; |
| | &#124; |
|   Defendant. | &#124; |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR *IN CAMERA* JUDICIAL REVIEW**

Background information about this case may be found in Plaintiff's Cross-Motion for

Summary Judgment, Docket No. 13.

The Freedom of Information Act provides that a court "may examine the contents of

[withheld] agency records in camera to determine whether such records or any part thereof shall

be withheld …." 5 U.S.C. § 552(a)(4)(B). This is appropriate when, as in this case, agency

affidavits have provided insufficient detail for a decision.

Defendant has provided only the conclusory statement that "[t]he Administrative Law

Team concluded that the remaining 14 pages of documents … should not be released pursuant to

5 U.S.C. § 552(b)(5), because the information was covered by the deliberative process privilege

and did not contain any reasonably segregable non-exempt information. The Commission's

Chief FOIA Officer concurred in these determinations." Declaration of Katie A. Higginbotham,

at ¶ 6.

The Court may order *in camera* review when "the agency response is vague, its claims

too sweeping, or there is a reason to suspect bad faith." *Mead Data Cent., Inc. v. U.S. Dep't of*

*the Air Force*, 566 F.2d 242, 262 (D.C. Cir. 1977). It is a matter within the judge's discretion.

See *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) (per curiam).

Since Defendant's justifications for not releasing segregable, non-exempt information are

vague and conclusory, the Court should order *in camera* review.


Respectfully submitted,


_____/S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff